[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2009
THOMAS K. KAHN
CLERK

No. 09-13425
Non-Argument Calendar
_____

D. C. Docket No. 99-00077-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRELL PLAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 10, 2009)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Tyrell Plair, a federal prisoner convicted of a crack cocaine offense, appeals

the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  After review, we affirm.[1]

Under § 3582(c)(2), may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(2).  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  Moore, 541 F.3d at 1330; see also U.S.S.G. § 1B1.10(a)(2)(B).  A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, Plair's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to most crack cocaine offenses.  However, at his original sentencing, Plair was subject to a statutory mandatory minimum term of twenty

---

[1]"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted), cert. denied, 129 S. Ct. 965 (2009).

years' imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), in light of his prior felony drug conviction. Thus, Plair's sentencing range was not based on the amount of crack cocaine attributed to him under U.S.S.G. § 2D1.1(c), but on the statutory mandatory minimum. See U.S.S.G. § 5G1.1(b). As such, Amendment 706 had no effect on Plair's sentencing range of twenty years' imprisonment.

Plair argues that the district court erred at his original sentencing when it imposed the twenty-year statutory mandatory minimum because his prior conviction was not final when he commenced this federal drug offense. This argument cannot be raised in a § 3582(c)(2) motion because the issue relates to an original sentencing determination and not to a guideline amendment that has subsequently lowered Plair's sentencing range. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that in a § 3582(c)(2) proceeding all original sentencing determinations remain the same except the guideline range that has since been amended).

Plair's argument that his sentence is unreasonable based on Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) (concluding that Kimbrough does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement

3

by the Sentencing Commission"), cert. denied, 129 S. Ct. 2382 (2009); United

States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that United

States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) does not provide a basis on

which to grant a § 3582(c)(2) motion), cert. denied, 129 S. Ct. 1657 (2009).

Thus, the district court did not have the authority to reduce Plair's sentence

and properly denied Plair's § 3582(c)(2) motion.

**AFFIRMED.**